1 | Julie S. Turner (CSB# 191146)
  | THE TURNER LAW FIRM
2 | 344 Tennessee Lane
  | Palo Alto, CA 94306
3 | Telephone: (650) 494-1530
  | Facsimile: (650) 472-8028
4 | jturner@julieturnerlaw.com

5 | Craig Tolliver
  | Laura A. Handley
6 | McKOOL SMITH P.C.
  | 300 West 6th Street, Suite 1700
7 | Austin, Texas 78701
  | Telephone: (512) 692-8700
8 | Facsimile: (512) 692-8744
  | ctolliver@McKoolSmith.com
9 | lhandley@McKoolSmith.com

10 | Attorneys for Plaintiff
   | CANDELA CORPORATION
11

12 | UNITED STATES DISTRICT COURT
13 | NORTHERN DISTRICT OF CALIFORNIA
14 | SAN FRANCISCO DIVISION

15 | CANDELA CORPORATION, *et al.*  | Case No. C08-80011 Misc PJH (EDL).
16 | *Plaintiffs*,
17 | v. | **PLAINTIFFS' REPLY TO VIC NARURKAR, M.D.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DR. VIC NARURKAR TO PRODUCE SUBPOENAED DOCUMENTS**
18 | PALOMAR MEDICAL TECHNOLOGIES, INC.,
19 | *Defendant*.
20 | Date: March 11, 2008
21 | Time: 9:00 a.m.
   | Judge: The Honorable Elizabeth D. Laporte
   | Crtrm: E
22
23
24
25
26
27
28

Plaintiffs file this reply brief in order to briefly address certain points raised by Dr. Narurkar in his opposition to Plaintiffs' motion to compel.[1]

### I. Dr. Narurkar Disingenuously Asserts That Evidence of Use of the Palomar Accused Devices for Wrinkle Treatment Would Not Be Relevant

Dr. Narurkar states that "Plaintiffs have failed to establish that *any* of these [patient treatment] files are relevant." *See* Vic Narurkar, M.D.'s Opposition to Plaintiffs' Motion to Compel Dr. Vic Narukar [sic] to Produce Subpoenaed Documents ("Opp.") at 1.[2] He then admits, however, that evidence of "doctors who are treating patients for wrinkles" would be relevant to Plaintiffs' inducement claims against Palomar pursuant to 35 U.S.C. § 271(b). *See* Opp. at 7. In their opening brief, Plaintiffs explained the relevancy of each and every subpoena document request, and Dr. Narurkar has not demonstrated that any request lacks relevance. *See* Opening Br. at 7-14.

Dr. Narurkar is represented in this matter by Foley & Lardner LLP ("Foley"), Palomar's counsel in the underlying lawsuit in Texas. If Foley agrees, on behalf of Palomar, to file an appropriate pleading with the court in Texas, stipulating that Dr. Narurkar uses the Palomar accused products in a manner that falls within the claims of the patents-in-suit, then Plaintiffs would not need documents from Dr. Narurkar's patient files. If Foley does not agree, that means Palomar intends to dispute the very fact to be proven by the documents sought by Plaintiffs.[3]

\ \ \

\ \ \

---

[1] Candela issued substantially the same subpoena to physicians in other jurisdictions. Two district courts have already heard Candela's motions to compel and have both granted Candela's motion in part. True and correct copies of the orders of those courts are attached hereto as Exhibit A.

[2] Dr. Narurkar alleges that Plaintiffs seek documents regarding treatment of scars, vascular lesions, pigment lesions, and acne. *See* Opp. at 2-3. This is not true. Plaintiffs already advised his counsel that they do not want such documents, but only those documents relating to wrinkle treatment.

[3] Counsel implies in footnote 7 that Plaintiffs served a subpoena on a physician who does not use the devices and then nevertheless moved to compel after being so advised. This is not the case. Foley without explanation did not advise that the physician in question did not have responsive documents until *the very week* before the motion to compel hearing was scheduled in Virginia, and more than two months after service of the subpoena. That very day, Plaintiffs agreed to withdraw the motion based on counsel's representation, but questioned how his counsel had not learned of the situation earlier.

II. **The Actions of Palomar's General Counsel Belie Dr. Narurkar's Assertion That The Requested Documents Are Not Relevant And That Dr. Narurkar Would Be Unduly Burdened By Responding To The Subpoena**

Plaintiffs have learned that on February 2, 2008, after the filing of Plaintiffs' motion to compel, Defendant Palomar's General Counsel, Patricia Davis, Esq., spoke one-on-one with an employee of Plaintiff Candela in an improper attempt to pressure Candela to withdraw the subpoenae it has served upon the third-party physicians, without any attorney for Candela present. Ms. Davis told the Candela employee, Catherine Kniker, (1) that Candela was "crazy" for filing motions to compel against third-party physicians, (2) that Palomar's counsel is representing, and Palomar is paying for the representation of, most of the physicians subpoenaed by Candela, and (3) that Candela will not get any useful information from these physicians. *See* Declaration of Catherine Kniker, filed concurrently herewith, at ¶ 7.

If certain requested documents lack relevance or are beyond the scope of discovery, as Dr. Narurkar's/Palomar's counsel asserts, then one must ask why Palomar's counsel would bother to approach a Candela employee to pressure Candela regarding the subpoenae. Moreover, given Dr. Narurkar's statement that it would take "months" (*see* Opp. at 12) to review Dr. Narurkar's patient records to locate responsive documents, it is unclear how Ms. Davis could accurately advise Ms. Kniker that Candela will not get any useful information from the subpoenae since she presumably does not know what information is present. Ms. Davis's statement to Ms. Kniker also indicates that Palomar is paying for Foley's representation of subpoenaed physicians, and thus calls into question the alleged undue burden asserted by Dr. Narurkar.

III. **Dr. Narurkar's Assertion That Plaintiffs Should Provide A Partial Showing Of Its Inducement Case Lacks Merit**

Dr. Narurkar argues that he should not be asked to provide documents evidencing his use of the accused products until Plaintiffs introduce evidence of "Palomar inducing Dr. Narurkar." *See* Opp. at 7. This reveals a misunderstanding of the law -- the relevant issue is inducement of *infringement* of patent method claims under 35 U.S.C. § 271(b), which depends in part on how the devices are used. Thus, Dr. Narurkar's documents evidencing use of the accused products *are* evidence of inducement of infringement. What Dr. Narurkar really asks is that Plaintiffs make an

evidentiary showing of *some* of their inducement evidence, during discovery, before Plaintiffs are allowed to obtain other relevant documents. This is improper and Dr. Narurkar does not provide any case law that would support such an assertion.

In any event, Plaintiffs have some evidence of Palomar's encouragement of infringement by its customers. One piece of evidence is the fact that Palomar's website once advertised certain of its accused products for wrinkle reduction use. *See* Ex. B (page from Palomar website; produced by Candela, not Palomar). Palomar subsequently removed these references from its website presumably in an attempt to cover up its inducement of infringement, and to date has failed to produce the 2006 versions of its website that referenced treatment of "wrinkles." Plaintiffs do not know what other evidence from Palomar's website has been lost, and the physicians are thus an important source of documents relating to inducement.

Further, as Dr. Narurkar's and Palomar's counsel well knows, most of the inducement evidence provided thus far in discovery has been produced by Palomar subject to Protective Order restrictions in the Texas lawsuit. If Palomar agrees that Plaintiffs may introduce such evidence in any hearing involving this motion, Plaintiffs will provide certain of the evidence to this Court to the extent the Court seeks such a factual showing.

**IV.     Dr. Narurkar Overstates The Alleged Burden That Would Be Caused By Responding To The Subpoena**

When estimating the time it would take to review his patient files, Dr. Narurkar bases his estimate on the number of employees in his office and the suggestion that he is a neutral third-party.[4] *See* Opp. at 10-11. However, this ignores the fact that Palomar's counsel in the underlying litigation voluntarily chose to represent Dr. Narurkar, apparently at Palomar's expense. *See* Kniker Decl. ¶ 7. Given that Foley is a law firm with over 1,000 attorneys, and has produced to Plaintiffs

---

[4] Counsel cites to the *Micro Motion, Inc. v. Kane Steel Co., Inc.* case to allegedly demonstrate the burden on Dr. Narurkar. In *Micro Motion*, the movant sought discovery of competitors' business records "simply because it may seek to prove lost profit damages." 894 F.2d 1318, 1324 (Fed. Cir. 1990). The present case is readily distinguishable—Dr. Narurkar actually uses the accused products and appears to work closely with Palomar to promote the accused products (*see* Opening Br. at 4, fn. 8), and his documents would provide evidence of inducement of infringement. Plaintiffs have a specific reason to seek documents from Dr. Narurkar.

1  approximately 350,000 pages of documents in the underlying litigation, its identification of Dr.
2  Narurkar's office assistant as the only resource available for the subpoena response rings hollow.  If,
3  however, Foley declines to assist their client, Plaintiffs are willing to provide personnel to review the
4  appropriate documents for production.

V. **Dr. Narurkar Cannot Identify Any Legitimate Reason As To Why The Protective Order in The Litigation Is Defective**

Palomar and Plaintiffs have been producing sensitive company information to each other under the terms of the Protective Order in the litigation since June, 2007, including under the provision that restricts access to outside counsel only.  Dr. Narurkar has not identified any legitimate reason as to why the Protective Order is insufficient.  He does express concern that Plaintiffs may challenge his designations of confidential information and attempt to re-designate the documents.  *See* Opp. at 5, fn. 4.  If Dr. Narurkar is prepared to produce documents but for this concern, Plaintiffs will agree that they will not challenge the confidentiality designations of any documents produced by Dr. Narurkar, therefore resolving his concern.

Respectfully submitted,

DATED:  February 26, 2008

/S/
Julie S. Turner (CSB #191146)
THE TURNER LAW FIRM

*ATTORNEYS FOR PLAINTIFFS
CANDELA CORPORATION, ET AL.*

REPLY RE MOTION TO COMPEL PRODUCTION OF
DOCUMENTS FROM DR. VIC NARURKAR            5            CASE NO. C08-80011 MISC PJH (EDL)

## DECLARATION OF CATHERINE A. KNIKER

I, Catherine A. Kniker, declare as follows:

1. My name is Catherine A. Kniker.

2. I am Senior Vice President, Corporate Strategic Development at Candela Corporation.

3. I am not an attorney.

4. I attended the Annual Meeting of the American Academy of Dermatology, on behalf of Candela, from February 1-5, 2008, in San Antonio, Texas.

5. During the meeting, Palomar maintained a booth some distance from, but visible from, the booth maintained by Candela.

6. Candela did not have any counsel present at this meeting.

7. On Saturday, February 2, 2008, Patricia Davis, General Counsel for Palomar Corporation approached Candela's booth and indicated she was looking for Paul Lucchese. While Ms. Davis and I were engaged in one-on-one conversation, Ms. Davis raised the issue with me of the Texas litigation between Candela and Palomar. Specifically, Ms. Davis indicated to me (i) that Candela was "crazy" for filing motions to compel against certain physicians who used Palomar equipment; (ii) that Palomar outside counsel represents most of these physicians; (iii) that Palomar is paying for the representation of most of these physicians; and (iv) that Candela will not get any useful information from these physicians.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February _11_, 2008 in Wayland, MA.

Catherine Kniker

# Exhibit A

## Julie Turner

**From:** ctolliver@McKoolSmith.com
**Sent:** Tuesday, February 26, 2008 2:06 PM
**To:** jturner@julieturnerlaw.com
**Subject:** FW: Activity in Case 2:08-mc-00007-RGD-JEB Candela Corporation v. Palomar Medical Technologies, Inc. Motion Hearing

---

**From:** cmecf@vaed.uscourts.gov [mailto:cmecf@vaed.uscourts.gov]
**Sent:** Tuesday, February 26, 2008 8:08 AM
**To:** cmecf@vaed.uscourts.gov
**Subject:** Activity in Case 2:08-mc-00007-RGD-JEB Candela Corporation v. Palomar Medical Technologies, Inc. Motion Hearing

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### Eastern District of Virginia

**Notice of Electronic Filing**

The following transaction was entered on 2/26/2008 at 9:08 AM EST and filed on 2/25/2008
**Case Name:** Candela Corporation v. Palomar Medical Technologies, Inc.
**Case Number:** [2:08-mc-7](#)
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry for proceedings held before Judge Magistrate Judge James E. Bradberry; Sue Ash, OCR; appearances by Jeffrey Marks for plaintiff and Richard Ottinger for defendant. Stephen Riden appeared for Dr. David McDaniel. Matter came on for hearing on motion to compel Dr. David McDaniel to produce subpoenaed documents. Comments of court. Order granting motion by Stephen Riden to appear pro hac vice entered and filed in open court. Statements of Jeffrey Marks and Stephen Riden. Deposition of Dr. David McDaniel not to exceed one day (9:00 a.m. - 5:00 p.m. with one hour for lunch). Court grants motion to compel with conditions (see order for specifics). Court to prepare order. Court adjourned. (afor) THIS IS A TEXT ONLY ENTRY. A PDF DOCUMENT IS NOT ATTACHED**

**2:08-mc-7 Notice has been electronically mailed to:**

Jeffrey Laurence Marks    jlmarks@kaufcan.com, ctolliver@McKoolSmith.com

Richard Hooper Ottinger    rottinger@vanblk.com, asmith@vanblk.com

**2:08-mc-7 Notice has been delivered by other means to:**

2/26/2008

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CANDELA CORPORATION,                :
                  Plaintiff,        :     M-8-85
              - v -                 :     MEMORANDUM AND ORDER
PALOMAR MEDICAL TECHNOLOGIES, INC., :
                  Defendant.        :
------------------------------------x
```

McKENNA, D.J.,

Plaintiff moves for an order compelling Kenneth O. Rothaus, M.D., a non-party resident of this district, to produce documents described in a subpoena duces tecum to him issued in this district.[1] The documents sought, in ten categories described in the subpoena, some of which plainly call for medical records of patients, are extensive, and, in the context revealed by the motion, the subpoena, to a non-party practicing physician, is burdensome and oppressive.

Dr. Rothaus is to produce, prior to his deposition, copies of (i) all communications, or documents recording communications, between himself and defendant, and (ii) copies of all documents reflecting his teaching activities at seminars and

---

[1] In the underlying action, pending in the United States District Court for the Eastern District of Texas, plaintiff claims that defendant is infringing three patents which describe "methods and apparatuses for wrinkle treatment and skin rejuvenation" (Plaintiffs' Second Amended Complaint for Patent Infringement, ¶ 12) or "methods for wrinkle treatment and skin rejuvenation." (Id. ¶¶ 19, 26.)

COPIES MAILED TO COUNSEL    FEB 2 1 2008

the like, in each case for the period beginning January 1, 2000. Sufficient information can be gathered from oral questioning of Dr. Rothaus at his deposition about his use of the methods and apparatuses claimed to be infringed. The Court is not persuaded that plaintiff needs the information sought about specific patients' cases.

The motion to compel is granted to the extent set forth in the preceding paragraph and otherwise denied.

SO ORDERED.

Dated: February 2/, 2008

                                              Lawrence M. McKenna
                                                   U.S.D.J.
                                                   Part I

# Exhibit B

Lux1540 Fractional                                                Page 1 of 1



Overview | StarLux | LuxIR Fractional | **Lux1540 Fractional** | Lux1064 Nd
MediLux | EsteLux | Q-YAG 5 | GentleWaves




**Standard Features**
Smooth Pulse Technology
Active Contact Cooling
Quick-change Handpiece Connection

**Applications**
Fractional Skin R
Soft Tissue Coag
Wrinkle Reduction

**Technical Specifications**
Wavelength    1540 nm
Spot Size     10 and 15 mm
Max. Fluence  1000 spots per cm$^2$, 70 mJ per spot
Pulse Width   5 and 10 ms

*Not yet cleared by the FDA.



Aesthetic Systems | Handpieces & Accessories | Clinical Applications | Customer Support | Seminars & Ev
Investor Relations | About Palomar

Legal Note | Contact Us | Site Map
© 2006, Palomar Medical Technologies

http://www.palmed.com/palomar.aspx?noID=1012                      3/16/2006

CANTX091049

Skin Resurfacing                                                                 Page 1 of 1

**Fractional Skin Resurfacing, Soft Tissue Coagulation, and Wrinkle Reduction\***



The Lux1540 Fractional Laser Handpiece uses patented Fractional Technology to deliver Er:glass laser pulses as an array of focused "microbeams", which create a pattern of isolated columns of coagulation in the epidermis and dermis, without damage to the stratum corneum or the tissue surrounding the coagulated columns. Lux1540 is capable of delivering between 5 and 70 mJ of energy per microbeam per pulse.

*At left: Lux1540 microbeams on the surface of the skin - highly magnified.*



*At right: Histological slide of human skin specimen treated in vivo with Lux1540. A column of thermal coagulation protruding through epidermis, dermal-epidermal junction (DEJ), and papillary dermis down to a depth of 450 microns, with diameter of 100 -190 microns, is visible.*

By varying treatment parameters, diverse effects can be induced in these columns, ranging from mild hyperthermia to creation of "islets" of coagulated tissue. Importantly, tissue between the treated columns remains intact. One advantage of Fractional Technology over conventional bulk-treatment approaches, is that Fractional provides an increased safety margin, resulting from the fact that a large volume of tissue remains intact. At the same time, the surface-to-volume ratio of the treated area is maximized, which may result in more effective tissue healing and collagen remodeling.

That, in turn, may lead to enhanced smoothing of periorbital wrinkles and overall skin resurfacing. Equally important, it means less discomfort and none-to-minimal downtime for the client.

\*Not yet cleared by the FDA.

CANTX091050

1  Julie S. Turner (CSB# 191146)
   THE TURNER LAW FIRM
2  344 Tennessee Lane
   Palo Alto, CA 94306
3  Telephone: (650) 494-1530
   Facsimile: (650) 472-8028
4  jturner@julieturnerlaw.com

5  Craig Tolliver
   Laura A. Handley
6  McKOOL SMITH P.C.
   300 West 6th Street, Suite 1700
7  Austin, Texas 78701
   Telephone: (512) 692-8700
8  Facsimile: (512) 692-8744
   ctolliver@McKoolSmith.com
9  lhandley@McKoolSmith.com

10 Attorneys for Plaintiff
   CANDELA CORPORATION
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15 | CANDELA CORPORATION, *et al.* | Case No. C08-80011 Misc PJH (EDL). |
16 | *Plaintiffs,* | |
17 | v. | **DECLARATION OF SERVICE ON PLAINTIFFS' REPLY TO VIC NARURKAR, M.D.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DR. VIC NARURKAR TO PRODUCE SUBPOENAED DOCUMENTS** |
18 | PALOMAR MEDICAL TECHNOLOGIES, INC., | |
19 | *Defendant.* | |
20 | | |
21 | | Date: March 11, 2008 |
22 | | Time: 9:00 a.m. Judge: The Honorable Elizabeth D. Laporte Crtrm: E |

# DECLARATION OF SERVICE

I, Julie Turner, declare and state that:

I was, at all times herein mentioned, a citizen of the United States, and a resident of the County of Santa Clara. I am over the age of 18 years, and not a party to the within action. My business address is 344 Tennessee Lane, Palo Alto, California 94306.

On February 26, 2008, I served a copy of:

- PLAINTIFFS' REPLY TO VIC NARURKAR, M.D.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DR. VIC NARURKAR TO PRODUCE SUBPOENAED DOCUMENTS, with exhibits

by placing a true copy thereof enclosed in a sealed envelope designated by Federal Express with delivery fees provided for and delivering it to a Federal Express office in Palo Alto, California, authorized to receive documents, addressed to the following at their respective office addresses last given as follows:

John T. Gutkoski
jgutkoski@foley.com
Foley & Lardner LLP
111 Huntington Avenue
Boston, MA 02199-7610
Telephone: 617.342.4000
Facsimile: 617.342.4001

Stephen D. Riden
sriden@foley.com
Foley & Lardner LLP
111 Huntington Avenue
Boston, MA 02199-7610
Telephone: 617.342.4000
Facsimile: 617.342.4001

Timothy Cleveland
tcleveland@brsfirm.com
Beck Redden & Secrest
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone: 713.951.3700
Facsimile: 713.951.3720

1  David J. Beck
   dbeck@brsfirm.com
2  Beck Redden & Secrest LLP
   One Houston Center
3  1221 McKinney Street
   Houston, Texas 77010-2010
4  Telephone: 713.951.3700
   Facsimile: 713.951.3720

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 26, 2008 at Palo Alto, California.

_____
Julie S. Z.