IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDELA CORPORATION, et al., | No. C-08-80011 MISC PJH  (EDL) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DR. VIC NARURKAR TO PRODUCE SUBPOENAED DOCUMENTS** |
| v. | |
| PALOMAR MEDICAL TECHNOLOGIES, INC., | |
| Defendant. | |

Before the Court is Plaintiff's motion to compel Dr. Vic Narurkar, a non-party resident of the Northern District of California, to produce documents pursuant to a subpoena duces tecum. The subpoena seeks medical records, photographs, marketing and product information, and communications between Defendant and Dr. Narurkar. The Court held a hearing on Plaintiff's motion on March 11, 2008. For the reasons stated at the hearing, the motion is GRANTED IN PART and DENIED IN PART as follows.

Plaintiffs assert patent infringement in patent litigation in the Eastern District of Texas. The patents at issue involve treatment of wrinkles in the skin using radiation. Dr. Narurkar has actively promoted and given testimonials about such Palomar products in Defendant's marketing materials. He has medical records for over 3000 patients and, according to Defendant, has treated over 1000 patients with Palomar products. While the Court is sensitive to the privacy concerns of patients and to the burden on Dr. Narurkar in reviewing his patient files, which are organized alphabetically rather than by procedure, the fact that Dr. Narurkar is so directly involved in Palomar's marketing weighs strongly in favor of some discovery of patient records and other relevant information here, with redaction to prevent patient identification.

Accordingly, it is hereby ORDERED that Dr. Narurkar produce all materials requested by Plaintiffs relevant to Dr. Narurkar's marketing for the treatment of wrinkles or attempted treatment of wrinkles using the accused Palomar products, including any photographs that Dr. Narurkar has used to market his services.   He shall also produce all materials requested by Plaintiffs reflecting his communications with Defendant concerning the accused products.

Dr. Narurkar is further ORDERED to produce those patient records, up to a total of six patients, relating to any treatment of wrinkles or attempted treatment of wrinkles using an accused Palomar product found in the course of a diligent search lasting no more than four hours, a time period which seems likely to be sufficient to yield such records based on the limited information provided to the Court.  Dr. Narurkar shall search such records alphabetically, beginning with the letter "A" but excluding any records predating January 1, 2006.  Dr. Narurkar is to conduct this search in good faith.  If the search fails to yield such patient records, the court may require him to search further.  To protect patient privacy, Dr. Narurkar is ordered to redact identifying patient information from the records and not to produce photographs from the patient files.

It is further ORDERED that Dr. Narurkar is to make himself available for a deposition lasting no more than one day.

**IT IS SO ORDERED.**

Dated: March 18, 1008

ELIZABETH D. LAPORTE
United States Magistrate Judge